```
          IN THE UNITED STATES DISTRICT COURT
             WESTERN DISTRICT OF ARKANSAS
                 FAYETTEVILLE DIVISION
```

DEBBIE RUTHERFORD, AS POWER OF
ATTORNEY FOR ISAAC RUTHERFORD
AN INCAPACITATED PERSON                             PLAINTIFF

      v.             Civil No. 07-5108

NORTHPORT HEALTH SERVICES OF ARKANSAS,
LLC d/b/a FAYETTEVILLE HEALTH AND
REHABILITATION CENTER; NORTHPORT
HEALTH SERVICES, INC.; NHS MANAGEMENT;
AND DISON KALIO                                     DEFENDANTS

## ORDER

NOW on this 11th day of October 2007, comes on for consideration plaintiff's **Motion for Leave to Amend Complaint** (document #11) and **Motion to Remand** (document #13) and defendants' responses thereto. The Court, having reviewed the pleadings of the parties and all other matters of relevance before it, and being well and sufficiently advised, finds and orders as follows:

    1. Plaintiff commenced this lawsuit in the Circuit Court of Washington County, Arkansas on June 8, 2007 against defendants, Northport Health Services of Arkansas, LLC, Northport Health Services, Inc., NHS Management, and Dison Kalio. Defendants timely removed the suit on June 13, 2007. Removal in this case was based upon diversity of citizenship under 28 U.S.C. § 1332, which requires that the action be between citizens of different states.

    2. Plaintiff now moves this Court, in two separate motions, to:

* Amend her original complaint to add John Anderson ("Anderson"), the Administrator of Northport Health Services of Arkansas, LLC, as a defendant, and

* Upon amendment of her complaint, remand this matter to state court as joinder of Anderson as a defendant will destroy complete diversity of citizenship.

Defendants oppose both motions, asserting that plaintiff's proposed amended complaint – specifically, the requested addition of Anderson as a defendant – is merely a sham to divest the Court of subject-matter jurisdiction.

3. As a threshold matter, the Court must determine whether the permissive joinder requirements of Rule 20 of the Federal Rules of Civil Procedure will be satisfied by plaintiff's proposed amended complaint and the addition of Anderson as a defendant in this case. Rule 20(a) allows joinder of defendants in an action "if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a). In the instant matter, these requisites clearly are satisfied. Plaintiff seeks damages from the defendants, including Anderson, because of their alleged participation in or responsibility for the same occurrence – the assault of Isaac Rutherford. Moreover, from

the proposed amended complaint it is clear that there are questions of law and fact common to all defendants.

    4.  While the Rule 20 requirements of permissive joinder are, indeed, satisfied in this case, the analysis does not end here. The Court must also determine whether the proposed permissive joinder will comport with the principles of fundamental fairness. *Stark v. Independent School District No. 640*, 163 F.R.D. 557, 564 (D. Minn. 1995).  Because in the case at bar joinder will destroy the Court's diversity jurisdiction, the Court has approached this determination with heightened scrutiny.  However, while the Court proceeds with caution, it is not required to summarily preclude any action that would divest it of jurisdiction.  Rather, pursuant to 28 U.S.C. § 1447(e) "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court **may** deny joinder, or permit joinder and remand the action to State court."  28 U.S.C. § 1447(e) (emphasis added).  Moreover, given the liberal approach taken in allowing parties to amend their complaints, it is clear that it is within the Court's sound discretion whether to grant plaintiff's motion to amend her complaint and add Anderson as a non-diverse defendant in this matter.  *See generally* Fed. R. Civ. P. 15; *see*, *e.g.*, *Foman v. Davis*, 371 U.S. 178 (1962) (adhering to the mandate of Rule 15(a) that "leave to amend shall be freely given when justice so requires").

5.  In exercising its discretion regarding joinder of a non-diverse defendant, the Court carefully considers factors such as the motive underlying the plaintiff's motion to join the proposed defendant, the potential prejudice to defendants if joinder is permitted, the possibility of a multiplicity of lawsuits if parallel cases are allowed to proceed in different fora, and the delay of the movant in seeking to amend her pleadings. *Ryan v. Schneider National Carriers, Inc.*, 263 F.3d 816, 819 (8th Cir. 2001).

In the present action, there is no reason to believe that the motive underlying plaintiff's motion to join Anderson as an additional defendant is to deprive the Court of jurisdiction to hear this case. According to plaintiff, when she filed her complaint in June 2007 she was unaware of the extent of Anderson's involvement in the events surrounding the assault of Isaac Rutherford. Rather than evidencing an improper motive, it seems that plaintiff was simply ignorant of all the alleged facts pertaining to the assault.

Having concluded that the motive for bringing plaintiff's motion to amend her complaint is legitimate, the Court's analysis becomes less difficult because other equitable factors point toward permitting the requested joinder. First, relatively speaking this case is in its infancy. The parties are not yet in the midst of discovery. In fact, initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) have not yet been made. Further, if

plaintiff's motion is denied, it seems reasonable to speculate that plaintiff will commence another suit in state court naming Anderson as a defendant. This course of action, if in fact taken, would result in an unnecessary expenditure of limited judicial resources – especially given that the factual and legal issues would be quite similar, if not the same. Finally, plaintiff asserts that she promptly sought to amend her pleadings after discovering Anderson's alleged involvement in and import to this case. Thus, the Court does not believe that plaintiff has been dilatory in seeking to add Anderson as a defendant. Accordingly, the Court finds that plaintiff may amend her complaint as requested.

6. As Anderson's presence in this suit will destroy complete diversity between plaintiff and the defendants, plaintiff's proposed amended complaint will leave this Court without subject-matter jurisdiction to consider plaintiff's claim. Thus, the Court finds that remand to state court will be necessary and proper upon plaintiff's filing of her amended complaint and the addition of Anderson as a defendant in this case.

**IT IS, THEREFORE, ORDERED** that plaintiff's **Motion for Leave to Amend Complaint** (document #11) should be, and it hereby is, **GRANTED**. Plaintiff is directed to file and serve her amended complaint within ten (10) days of the date of this Order. Upon the filing of plaintiff's amended complaint and the addition of John Anderson as a defendant in this case, the Clerk of the Court is

directed to remand this matter to the Circuit Court of Washington County, Arkansas, Civil Division.

**IT IS SO ORDERED.**

**/s/ Jimm Larry Hendren**
**JIMM LARRY HENDREN**
**UNITED STATES DISTRICT JUDGE**